**BARD v C. C. C. & ST. L. R. R. CO.**

Ohio Appeals, 2nd Dist, Franklin Co

No 3198.   Decided March 27, 194J

Borden & Gaines, Columbus, and Sandles, Elliott & Ashbaugh, Columbus, for plaintiff-appellant.

Wilson & Rector, Columbus, for defendant-appellee.

## OPINION

By GEIGER, PJ.

This matter is before us on appeal from the Common Pleas Court of Franklin County, Ohio.

The only question involved is whether or not the court below erred in directing a verdict.

The issues arose out of a crossing accident occurring some distance to the west of Columbus where what is known as the Aleshire Road crosses at grade the trackage of the defendant.

After counsel for plaintiff had made his opening statement the defendant moved for a directed verdict, which motion was overruled. Plaintiff then introduced his testimony, at the conclusion of which the motion to direct a verdict was renewed and sustained on the ground that the evidence produced by the plaintiff established the fact that he was guilty of contributory negligence which proximately caused the accident.

Upon the trial an opening statement was made on behalf of the plaintiff, reciting what he expected the evidence to disclose.

At this point defendant moved for a directed verdict, which was overruled. Councel for defendant then stated what he claimed the evidence would be, asserting that it would show that the plaintiff was guilty of contributory negligence.

After the introduction of plaintiff's evidence, the motion for an instructed verdict was renewed.

When a motion is made to direct a verdict on the ground that the plaintiff is guilty of contributory negligence as a matter of law, all the facts in the record or inferences to be drawn must be resolved in his favor, and it is the duty of the court to consider all the evidence submitted and any reasonable inferences therefrom in the most favorable light to the plaintiff, and in this consideration favorable evidence should be considered and the unfavorable disregarded. On the other hand, if the evidence of the plaintiff considered most strongly in his favor discloses that he was guilty of contributory negligence which contributed in the slightest degree to the accident complained of, then it is the duty of the court to direct a verdict in favor of the defendant. The testimony of the plaintiff must be considered under this rule.

The plaintiff was an artist and painter and on the date in question drove his car, in excellent condition, picking up two friends, the three intending to spend the day in fishing at a point that they had visited on the prior Sunday. The accident happened at 9:40 in the morning, the plaintiff driving the car, with one friend seated at his side and the other in the rear seat. The one in the rear seat was killed, and the other occupant injured, as was the plaintiff.

The plaintiff states that he was not over one hundred feet from the track when he became aware that he was approaching it. He could see the crossing sign. He immediately slowed down for the crossing and threw his car into second. When he changed gears he must have been 50 to 65 feet from the track. He rolled down the window of the car on the left side and looked and listened and neither heard nor saw anything. When he did that he was between fifteen and eighteen feet from the track, traveling at the rate of five miles an hour. He looked to the right, westward, along the track, and saw nothing. He looked again to his left and saw an engine coming toward him, 100 to 150 feet to his left and in a second and a half the engine struck him. He looked to his left because of a hissing noise. He had tried to pick up speed at the time and was right on the track. He threw his wheel to the right trying to avoid being hit. From the point indicated, fifteen or eighteen feet from the track, he could see down the track not over 200 feet. There was an embankment and quite a growth of shrubs, which obstructed the view of the crossing and prevented him from seeing all the way down the track. He did not stop but glanced around to see if there was anything coming. He listened, could have stopped his au-

tomobile within four or five feet, and was barely moving.

Certain exhibits were introduced numbered 1, 2 and 3, showing the road and the railroad. Exhibit No. 1 shows an elevation that might be eight or nine feet above the surface of the highway and the adjacent railroad track. Exhibit 3 is the best picture indicating that the highway and the railroad met at the point of a "V" at a moderately sharp angle. Both the automobile and the track were proceeding in a westerly direction and met at the apex of the "V". Other witnesses for the plaintiff gave evidence to like effect, both as to the lack of the whistle being blown, the atmospheric condition indicating either a fog, a mist, or a drizzle, the stopping, listening and looking.

In this view of the evidence, was the court justified in directing a verdict?

Many cases have been cited and discussed.

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence and determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury." **The Painesville Utopia Theater Co. v Lautermilch, 118 Oh St 167.**

See also:

"The driver of a truck, about to pass over a railroad grade crossing on a public street, must exercise his senses of sight and hearing to discover whether trains are also about to pass over such crossing, and such observations must be made at such time and place as effective for that purpose." **Patton, Admx. v Penna. R. R. Co., 136 Oh St 159.**

"1. It is the duty of the driver of a vehicle * * * when approaching a grade crossing of a steam railroad, to both look and listen for approaching trains, and to do so at such time and place and in such manner as will make the looking and listening effective."

"3. A driver of a vehicle upon a highway can not recover damages for an injury received in a collision at a steam railroad crossing, even though he testifies that he looked and listened and neither saw nor heard anything approaching on the railroad track before going upon the crossing, when the only conclusion that can reasonably be reached upon the evidence is that there is no doubt that had he looked he must have seen the danger, that was immediately at hand, in time to avoid the injury."
**D. T. & I. Rd. Co. v Rohrs, 114 Oh St 493.**

See also **Buell v N. Y. Central, 114 Oh St 40.**

**C. C. C. & St. L. R. R. Co. v Lee, 111 Oh St 391.**

**R. R. v Weingertner, 93 Oh St 124.**

**B. & O. R. R. Co. v Goodman, Admx., 275 U. S. 66.**

There are many other cases that might be cited, but which would add nothing to a determination of the obligation of the traveler upon the highway to take precaution to avoid danger.

Upon the plaintiff resting, the court delivered a very comprehensive opinion in support of the directed verdict. No stronger presentation could be made of the matter than is made by the court.

In the case of D. T. & I. Rd. Co. v Rohrs, supra, the denial of the right of the driver to recover is based upon the proposition that the only conclusion that can be reasonably reached is that there was no doubt that had he looked he must have seen the danger.

We arrive at the conclusion that under the evidence in this case it was not, under the cases cited, error for the court to sustain the motion for an instructed verdict.

Judgment affirmed.

BARNES and HORNBECK, JJ., concur.